IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 3, 2022

## IN RE LORELAI E.

**Appeal from the Circuit Court for Wilson County**
**No. 2021-AD-119   Michael Wayne Collins, Judge**

_____

### No. M2022-00173-COA-R3-PT
_____

The Tennessee Department of Children's Services sought to intervene in a private-party termination of parental rights and adoption proceeding concerning a minor child. The trial court permitted the intervention. The child's mother appealed. Because the trial court acted within its discretion in granting the Department of Children's Services permissive intervention pursuant to Tennessee Rule of Civil Procedure 24.02, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

David R. Grimmett, Franklin, Tennessee, for the appellant, Megan E.

Tiffany Dawn Hagar, Lebanon, Tennessee, for the appellee, Joshua R. E.

Jennifer L. E. Williams, Springfield, Tennessee, for the appellees, Andrew K. J. and Brittney N. J.

Jonathan Skrmetti, Attorney General and Reporter, Amber L. Barker, Assistant Attorney General, and Kathryn A. Baker, Senior Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

Nanette Uselton Clark, guardian ad litem.

**OPINION**

## I.     BACKGROUND

Lorelai E. ("the child") was born in the Fall of 2019 to appellant Megan E. ("Mother") and appellee Joshua R. E. ("Father").  The parents were the child's primary caregivers and equally shared parenting responsibilities.   When the child was approximately nine weeks of age, her pediatrician observed bruising on her body. Following the results of testing and further examination, a referral was made to the Tennessee Department of Children's Services ("DCS") on January 3, 2020.  The same day, pursuant to an immediate protection agreement, the parents agreed with DCS to place the child into another home.

On January 8, 2020, DCS filed in the Davidson County Juvenile Court a petition to adjudicate the child dependent and neglected and a victim of severe child abuse perpetrated by Mother and Father.  On August 6 and 7, 2020, the juvenile court conducted an adjudicatory hearing.  Following the hearing and by order entered September 8, 2020, the juvenile court granted DCS's petition and found by clear and convincing evidence that the child was dependent and neglected as well as severely abused under Tennessee Code Annotated sections 37-1-102(b)(1) and 37-1-102(b)(13)(F) and (G).  By dispositional order entered January 12, 2021, the juvenile court granted custody of the child to appellees Andrew K. J. and Brittney N. J. ("Petitioners").  Petitioners reside in Wilson County, Tennessee.  Mother and Father appealed from the juvenile court's order to the Davidson County Circuit Court.

On March 16, 2021, Petitioners commenced the proceedings underlying this appeal by filing in the Wilson County Circuit Court ("trial court") a petition for termination of parental rights and adoption.  As one ground supporting termination, Petitioners pled severe child abuse, Tennessee Code Annotated section 36-1-113(g)(4).[1]  To support this ground for termination, Petitioners pled the same facts as DCS had pled in its petition to adjudicate the child dependent and neglected.  Father and Mother each answered the petition.  Upon the parties' agreement and by order entered June 22, 2021, the trial court appointed a guardian ad litem to represent the child's interests.  The parents' appeal from the juvenile court's order was stayed pending resolution of the termination and adoption petition.

On November 1, 2021, DCS moved to intervene in the termination and adoption

---

[1] Tennessee Code Annotated section 36-1-113(g)(4) provides a ground for termination of parental rights when "[t]he parent . . . has been found to have committed severe child abuse, as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against any child[.]

proceedings commenced by Petitioners. Mother and Father each filed a response opposing DCS's motion to intervene. Petitioners adopted DCS's arguments and supported DCS's intervention. During the January 10, 2022 hearing on DCS's motion, DCS argued that it should be allowed to intervene based upon both Tennessee Rule of Civil Procedure 24.01, intervention as of right, and Rule 24.02, permissive intervention. By order entered February 3, 2022, the trial court granted DCS's motion "based upon Rule 24.02 of the Tennessee Rules of Civil Procedure." The trial court found that "the issues presented in [DCS's] Petition for Dependency and Neglect have a question of law or fact in common with the instant Adoption Petition; therefore [DCS] should be allowed to intervene." The trial court also found that the matter should be appealed to this Court pursuant to Tennessee Rule of Appellate Procedure 9(b).

On February 16, 2022, Mother filed a "Rule 9 Application for Interlocutory Appeal and a Rule 3 Appeal Regarding Admission of Intervening Party." We denied the Rule 9 application for interlocutory appeal and ordered the application to be treated as a Rule 3 notice of appeal. Mother, Father, Petitioners, and DCS filed briefs on appeal. Father's brief adopts by reference Mother's brief, pursuant to Tennessee Rule of Appellate Procedure 27(j).

## II.   ISSUES

The dispositive issue in this appeal is whether the trial court erred in permitting DCS to intervene in a private parental termination proceeding pursuant to Tennessee Rule of Civil Procedure 24.02(2).

## III.   STANDARD OF REVIEW

The standard of review for the denial of permissive intervention under Tennessee Rule of Civil Procedure 24.02 is abuse of discretion. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000) (citing *Chaille v. Warren*, 635 S.W.2d 700, 703 (Tenn. Ct. App. 1982)). "An abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." *Id*.

## IV.   DISCUSSION

In its motion to intervene, DCS cited Tennessee Code Annotated section 36-1-116(k)(1) which provides that "[DCS], a licensed child-placing agency, or a licensed clinical social worker shall have the right to intervene in the adoption proceeding at any

time to present evidence as to the best interests of the child by filing a sworn complaint in the adoption proceeding." As noted in the trial court's order and in the statement of proceedings filed in the supplemental appellate record, during oral arguments in support of its motion, DCS also relied on Tennessee Code Annotated section 36-1-113(h)(1)(D) which provides, in relevant part:

> The department shall file a petition to terminate the parental rights of the child's parents (or, if such a petition has been filed by another party, seek to be joined as a party to the petition), and, concurrently, to identify, recruit, process, and approve a qualified family for an adoption, under the following circumstances:
> . . .
>
> (D) If a juvenile court has made a finding of severe child abuse as defined at § 37-1-102.

Tenn. Code Ann. § 36-1-113(h)(1)(D). On appeal, DCS clarifies that it seeks to intervene in the termination portion of the proceedings commenced by Petitioners under section 36-1-113(h)(1), not in the adoption portion under section 36-1-116(k)(1).

Turning now to the basis for the trial court's ruling in DCS's favor, Tennessee Rule of Civil Procedure 24.02 provides as follows:

> Upon timely motion any person may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when a movant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tenn. R. Civ. P. 24.02. The trial court granted DCS's motion to intervene under Rule 24.02(2) finding that the issues presented in DCS's petition for dependency and neglect have a question of law or fact in common with the termination and adoption petition. On appeal, Mother and Father rely on *In re M.J.B.*, 140 S.W.3d 643 (Tenn. Ct. App. 2004) for the proposition that DCS should not have been permitted to intervene on this basis because parental termination proceedings are separate and distinct from dependency and neglect proceedings:

> A termination of parental rights proceeding is not simply a continuation of a dependent-neglect proceeding. It is a new and separate proceeding involving different goals and remedies, different evidentiary standards, and different avenues for appeal. The primary purpose of a dependent-neglect proceeding is to provide for the care and protection of children whose parents are unable

or unwilling to care for them. The sole purpose of the termination proceeding under Tenn. Code Ann. § 36-1-113 is to sever irrevocably the legal relationship between biological parents and their children.

*In re M.J.B.*, 140 S.W.3d at 651. In *In re M.J.B.*, while faced with a record containing "many extraneous documents," this Court reviewed the procedural differences between dependency and neglect proceedings and termination of parental rights proceedings so as to instruct what was properly includable in the appellate record in termination cases. *In re M.J.B.*, 140 S.W.3d at 651–52. The goal of the instruction was to dispel the "mistaken" notions "that a termination case is simply a continuation of a dependent-neglect case and that the process for appealing to this court from a final judgment in a termination proceeding is the same as the process used to perfect a de novo appeal to the circuit court in a dependent-neglect case." *Id*. at 651.

Mother presses that DCS should not be permitted to intervene pursuant to Rule 24.02(2) because "the questions of fact and issues of law in the dependency and neglect proceeding are vastly different compared to the instant termination proceeding." However, in the instant petition to terminate parental rights, Petitioners alleged the ground of severe child abuse based on the same facts as those that DCS alleged in its dependency and neglect petition. As DCS correctly notes, the severe abuse ground for termination references the definition of severe child abuse that is applied in dependency and neglect cases. *See* Tenn. Code Ann. § 36-1-113(g)(4) (allowing for termination if the parent "committed severe child abuse, as defined in § 37-1-102"); *In re Kailey A.*, No. E2021-00801-COA-R3-PT, 2022 WL 773617, at *8–10 (Tenn. Ct. App. Mar. 14, 2022) (termination proceeding using dependency and neglect severe abuse statute, § 37-1-102, for the severe child abuse ground in § 36-1-113(g)(4)); *In re S.J.*, 387 S.W.3d 576, 587 (Tenn. Ct. App. 2012) (applying the definition of severe child abuse under § 37-1-102 in a dependency and neglect proceeding). The record before us shows that DCS's claims in the dependency and neglect proceedings pending in the juvenile court and Petitioners' termination action have both a question of law and questions of fact in common: the legal question of whether the parents committed severe child abuse based on the same facts that DCS claims to have discovered in an investigation not involving Petitioners and as alleged in DCS's dependency and neglect petition. With the foregoing considerations in mind, we find no abuse of discretion in the trial court's ruling permitting DCS to intervene pursuant to Tennessee Rule of Civil Procedure 24.02(2).

We agree with Petitioners and DCS that Tennessee Code Annotated section 36-1-113(h)(1)(D) is another avenue by which the trial court could have granted DCS's intervention. *See* Tenn. R. Civ. P. 24.01 ("Upon timely motion any person shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene[.]"). Again, the statute provides, in relevant part:

The department *shall* file a petition to terminate the parental rights of the

child's parents (or, if such a petition has been filed by another party, *seek to be joined as a party* to the petition), and, concurrently, to identify, recruit, process, and approve a qualified family for an adoption, under the following circumstances:

. . .

(D) If a juvenile court has made a finding of severe child abuse as defined at § 37-1-102.

Tenn. Code Ann. § 36-1-113(h)(1)(D) (emphasis added).[2] Here, the juvenile court made a finding of severe child abuse against the parents. Additionally, considering the substance over the form of its motion, DCS is essentially seeking to be joined as a party to Petitioners' petition to terminate parental rights. Our holding above pretermits further discussion of this issue.

## V.     CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Megan E.

_____
JOHN W. McCLARTY, JUDGE

---

[2] Subsection (h)(2) of section 36-1-113 gives DCS the "option" not to file or join a petition to terminate parental rights when certain circumstances exist, even if a juvenile court has made a finding of severe child abuse. *See* Tenn. Code Ann. § 36-1-113(h)(2); *In re Zayne P.*, No. W2017-01590-COA-R3-PT, 2018 WL 2041573, at *4 (Tenn. Ct. App. Apr. 30, 2018); *In re D.M.*, No. M2009-00340-COA-R3-PT, 2009 WL 2461199, at *3 n.5 (Tenn. Ct. App. Aug. 12, 2009).